IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD LEE PRICE and JAN PRICE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | NO. 2:15-CV-00097-J |
| | § | |
| THE BANK OF NEW YORK MELLON | § | |
| as Trustee for CENTEX HOME EQUITY | § | |
| TRUST 2002-A; and CENTEX HOME | § | |
| EQUITY TRUST 2002-A, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

On September 10, 2015, Defendants, The Bank of New York Mellon as Trustee for

Centex Home Equity Loan Trust 2002-A and Centex Home Equity Loan Trust 2002-A, filed a

Motion for Summary Judgment, seeking dismissal of Plaintiffs' claims. Thereafter, Plaintiffs,

Donald Lee Price and Jan Price, filed a Response on September 24, 2015. Defendants filed their

Reply on October 8, 2015. After careful consideration, the Court GRANTS Defendants' Motion

for Summary Judgment.

## BACKGROUND

Plaintiffs executed a home equity loan with Centex Home Equity Company, LLC, the

predecessor in interest to Defendants, on November 21, 2001. A lien on Plaintiffs' homestead

located in Amarillo, Texas secured the loan. The lien is currently held by Defendant the Bank of

New York Mellon as Trustee for Centex Home Equity Loan Trust 2002-A. Centex Home Equity

Company, after changing its name to Nationstar Mortgage LLC, assigned the lien to the Bank of

New York Mellon as Trustee for Centex Home Equity Loan Trust 2002-A.

1

Defendants obtained an order allowing foreclosure of Plaintiffs' homestead from the

181st District Court, Randall County, Texas.[1]  Thereafter, Plaintiffs filed this lawsuit on

February 2, 2015 in the 47th Judicial District Court, Randall County, Texas.  *Plaintiffs' Original*

*Petition* seeks: (1) a judicial declaration that "Defendant has forfeited all principal and interest of

the extension of credit and that the lien claimed by Defendant be judicially declared forfeited,"

and (2) to cancel and remove the lien as an encumbrance on their homestead.  Defendants

removed the case to this Court on March 20, 2015.

## STANDARD FOR SUMMARY JUDGMENT MOTIONS

This Court may grant summary judgment on a claim if the record shows that there is no

genuine issue of material fact and that "the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists if a reasonable jury could return a

verdict for the nonmoving party on the issue.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986).  Where the nonmovant bears the burden of proof at trial, the movant may either offer

evidence that undermines one or more of the essential elements of the nonmovant's claim, or

point out the absence of evidence supporting an essential element of the nonmovant's claim.  *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (where there is an absence of evidence

supporting an essential element of the nonmovant's claim, "there can be 'no genuine issue as to

any material fact,' since a complete failure of proof concerning an essential element of the

nonmoving party's case necessarily renders all other facts immaterial").

If the movant successfully carries this burden at the summary judgment stage, the burden

then shifts to the nonmovant to show that the court should not grant summary judgment.  *Id.* at

324.  The nonmovant must set forth specific facts that show a genuine issue for trial—only a

---

[1] Neither Plaintiffs nor Defendants specify in their briefs what lead to the foreclosure or when the 181st District Court entered the order granting foreclosure.

genuine dispute over a material fact will preclude summary judgment. *Anderson*, 477 U.S. at

248, 256. The nonmovant cannot rely on conclusory allegations, improbable inferences, or

unsupported speculation. *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993). In

ruling on a summary judgment motion, a court must review the facts and draw all reasonable

inferences in favor of the nonmoving party—here, Plaintiff. *See Reid v. State Farm Mut. Auto.*

*Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

## DISCUSSION

The Texas Constitution was amended in 1998 to allow home equity loans, essentially an

extension of credit secured by a homestead. Tex. Const. art. XVI, § 50(a)(6)(A)-(Q). The Texas

Constitution affords homeowners protection from the forced sale of a homestead in order to

repay a home equity loan. *Id.* Forced sale of the homestead for repayment purposes is

prohibited unless a valid mortgage, trust deed, or other lien exists and certain requirements are

met. *Id.* For example, the voluntary lien must be "created under a written agreement with the

consent of each owner and each owner's spouse . . . ." Tex. Const. art. XVI, § 50(a)(6)(A).

Additionally, the homeowner and lender must sign a written acknowledgment as to the fair

market value of the property on the date of the loan, and the homeowner cannot sign any

instruments containing blanks related to substantive terms of the agreement. Tex. Const. art.

XVI, § 50(a)(6)(Q)(iii), (ix).[2] The loans must also adhere to several deadlines. Specifically, the

loan cannot close before: (1) twelve days after either the loan application is submitted or the

homeowner receives notice that the loan is governed by § 50(a)(6); or (2) one business day after

the homeowner receives an itemized disclosure of closing costs and the loan application if not

previously provided. Tex. Const. art. XVI, § 50(a)(6)(M)(i)–(ii). Finally, the homeowner or his

---

[2] Plaintiffs state these constitutional violations in their *Original Complaint*, yet cite to
subsections (Q)(v) and (Q)(x). The Court construes the Plaintiffs' citations as mistakes with the
intent to state violations of subsections (Q)(iii) and (Q)(ix).

or her spouse cannot pay more than three percent of the principal loan amount to establish and maintain the loan. Tex. Const. art. XVI, § 50(a)(6)(E).

In their *Original Petition*, Plaintiffs allege that Defendants violated these provisions of the Texas Constitution. As a result, Plaintiffs argue Defendants' lien is invalid, prohibiting foreclosure. Defendants' Motion for Summary Judgment asserts the statute of limitations bars Plaintiffs' claims. Plaintiffs' Response argues that Defendants do not have standing to raise the statute of limitations defense. The Court will first address the issue of standing.

A. *Standing*

Plaintiffs' Response presents one argument: Defendants do not have standing to raise limitations. A party must have standing to invoke the statute of limitations defense. *First State Bank-Keene v. Metroplex Petroleum Inc.*, 155 F.3d 732, 732–35 (5th Cir. 1998). In the context of debts, "the defense of limitations is generally a personal privilege of the debtor; the right to invoke the bar of limitations against a remedy passes, however, to one who lawfully acquires property or any right on which the remedy operates, such as a lienholder or subsequent purchaser." *Id.* at 735 (quoting 50 Tex. Jur. 3D *Limitation of Actions* § 18 (1984)). In other words, a party raising the statute of limitations defense must be in privity with the debtor. *See id.* at 735–36; 50 Tex. Jur. 3D *Limitation of Actions* § 18 (1984).

Plaintiffs contend Defendants failed to establish privity. Plaintiffs reason the lien was granted to Centex Home Equity Company, not a named defendant. Furthermore, Plaintiffs assert that no evidence shows Defendants lawfully acquired subsequent lienholder rights. Thus, Defendants must present competent summary judgment evidence establishing privity between Plaintiffs and Defendants.

4

Defendants in this case have standing to assert the statute of limitations defense. Two documents show Defendants legally acquired subsequent lienholder rights. These documents link Defendants to Plaintiffs, thus establishing privity between the parties. The first link is an Amendment to Registration filed by Centex Home Equity Company with the Texas Secretary of State. The Amendment shows that Centex changed its name to Nationstar Mortgage LLC in June of 2006. The Court takes judicial notice of this fact.[3] Second, Defendants present the Assignment of Deed of Trust in which Nationstar Mortgage LLC "grants, assigns, and transfers to [Defendants] all beneficial interest under that certain Deed of Trust dated: 11/21/2001 executed by Donald Lee Price and Jan Price as Joint Tenants." Summary judgment evidence clearly shows that Defendants lawfully obtained subsequent lienholder rights.

Defendants are in privity with Plaintiffs, and therefore, have standing to bring the statute of limitations defense.

### B.  Statute of Limitations

In 2013, the Fifth Circuit resolved a split in Texas Federal District Courts regarding the statute of limitations for suits seeking to invalidate homestead liens for constitutional violations, specifically § 50(a)(6) violations. *See generally Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013). The Fifth Circuit ultimately held that the Texas Civil Practice and Remedies Code residual four year limitations period applied to such claims.[4] *Id.* at 674. In the same opinion, the court also held that § 50(a)(6) violations accrue on the date the loan closes. *Id.* at 675–76. "A lack of knowledge that [there] was a violation of the law is insufficient to toll

---

[3] Secretary of State documents meet Federal Rule of Evidence 201(b) standards. *Shaw v. Rogers*, No. 1:07cv0001–KS–MTP, 2007 WL 1295799, at *1 n.1 (S.D. Miss. May 1, 2007).
[4] While *Priester* only analyzed § 50(a)(6) violations under subsections (M)(i) and (N), the language is broad enough to impose the four year residual limitations period to all subsections. *See Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 ("We thus conclude that a limitations period applies to constitutional infirmities under Section 50(a)(6).").

limitations." *Id.* at 676.  Therefore, § 50(a)(6) violation claims are subject to a four year statute

of limitations that begins to run on the date the loan closes.  *See id* 674–76.

Plaintiffs' claims are barred by the statute of limitations.  Based on *Priester*, Plaintiffs'

§ 50(a)(6) claims are subject to a four year statute of limitations.  The constitutional violations

accrued on November 21, 2001, the date Plaintiffs' loan closed.  Thus, the limitations period

expired on November 21, 2005, almost ten years before Plaintiffs filed this suit.

## CONCLUSION

Defendants' Motion for Summary Judgment is GRANTED.

It is SO ORDERED.

Signed this the __28th__ day of October, 2015.

> _S/ Mary Lou Robinson_
> **MARY LOU ROBINSON**
> **UNITED STATES DISTRICT JUDGE**